**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**WINCHESTER DIVISION**

**KENNETH PARKS,**

**Plaintiff,**

**Case No. 4:26-CV-00041**

**JURY DEMAND**

**v.**

**ROHAN PORTEOUS,**
**MYSTIC TRANSPORTATION LLC**
**UNITED TRANSPORT INC. a/k/a**
**UNITED TRANSPORT LLC,**

**Defendants.**

---

# FIRST AMENDED COMPLAINT

---

**Filed Pursuant to Federal Rule of Civil Procedure Rule 15(a)(1)(B)**

Plaintiff, Kenneth Parks, by and through his attorneys of record, asserts the following First Amended Complaint against the Defendants, Rohan Porteous, Mystic Transportation, LLC, and United Transport, Inc. a/k/a United Transport LLC, and for his claims of relief states as follows:

## INTRODUCTION

1. Plaintiff Kenneth Parks filed this action against Defendants Porteous, Mystic, and United on May 29, 2026, in the Circuit Court of Coffee County, Tennessee which was within the applicable statute of limitations.

2. On July 17, 2026, Defendants Mystic and Porteous removed this case to the United States District Court for the Eastern District of Tennessee, Winchester Division, based upon the diversity of citizenship between the parties and the amount in controversy exceeding $75,000.

## PARTIES

3. Plaintiff Kenneth Parks ("Plaintiff") is a resident and citizen of Coffee County, Tennessee.

4. Defendant Rohan Porteous ("Defendant Porteous") is and was at all relevant times a resident of Loganville, Gwinnett County, Georgia, with a principal address of 3217 Hideaway Lane, Loganville, Georgia 30052. Defendant Porteous may be served with process at that address or wherever he may be found.

5. Defendant Mystic Transportation, LLC, ("Defendant Mystic"), is and was at all relevant times a foreign interstate common carrier organized as a corporation pursuant to the statutes of the State of Georgia, with a principal address and place of business of 3217 Hideaway Lane, Loganville, GA 30052. Defendant Mystic is a licensed motor vehicle carrier with a U.S. DOT number 2384700 and MC number 00819300. Defendant Mystic may be served via it its registered agents, Josh Hutchinson, Hutch Serves 1018 Cascadeway Drive, Murfreesboro, Tennessee 37129 or Rohan Porteous, located at 3217 Hideaway Lane, Loganville, GA 30052.

6. Defendant United Transport, Inc. a/k/a United Transport LLC ("Defendant United"), is and was all relevant times is a foreign interstate common carrier organized pursuant to the statutes of the State of Indiana, with a principal office address and place of business of 3640 179th Street, Hammond, Indiana 46323. Defendant United is a licensed motor vehicle carrier, with U.S. DOT number 1761786 and MC number 00643998, and operating in interstate commerce. Defendant United may be served with process via its registered agents Mitchell & Associates 4650 Beaver Ridge Road, Knoxville, TN 37931 or Rimantas Zilys, located at 3640 179th Street, Hammond, Indiana or wherever they may be found.

7. The above-named defendants may be referred to collectively as "Defendants" unless otherwise specified.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction pursuant to 28 USC § 1332 (a)(1)-(2) ("diversity jurisdiction"). Many of the acts complained of occurred in this District. The amount in controversy is more than $75,000 exclusive of costs and interest.

**FACTUAL ALLEGATIONS**

9. On June 11, 2025, at or around 10:00 p.m., Defendant Porteous operated a 2016 Volvo TT heavy truck, VIN 4V4NC9EG9GN946610, carrying a load and weighing up to 80,000 pounds within the course and scope of his employment and/or as agent and/or as statutory employee of Defendants United and Mystic.

10. On information and belief, the 2016 Volvo TT heavy truck Defendant Porteous was operating at the time of the collision was carrying a load he picked up in Lenox, Georgia that was to be delivered in Shelbyville, Indiana.

11. At the time of the collision which is the subject of this action, Defendant United and Defendant Mystic were the registered owners and/or operators of the 2016 Volvo TT being driven by Defendant Porteous.

12. At the time of the collision, Defendant Mystic was operating under DOT number 2384700 and MC number 00819300. As reflected on the side of the 2016 Volvo TT, Defendant United was operating under U.S. DOT number 1761786 and MC number 00643998 at the time of the collision. Defendants United and Mystic are both interstate carriers subject to the Federal Motor Carrier Safety Regulations ("FMCSR"), either directly or as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1.-.08 and pursuant to Tenn.

Code Ann. §§ 65-15-101, 102, and 111, and of course subject to common law rules of the road governing the operation of commercial trucks.

13. Defendants were engaged in a joint enterprise with an agreement in writing to move goods for profit and had coordinated and combined resources to further that end. Notwithstanding the nature of their relationship, Defendant United is the Department of Transportation Carrier with DOT number 1761786 displayed on the side of the vehicle and is therefore responsible for the acts of the driver, Defendant Porteous.

14. At the time of the incident giving rise to this cause of action, Plaintiff was operating a 2007 Ford F-650 tow truck, traveling westbound on Interstate 24, at or near mile marker 103.40, in Coffee County, Tennessee.

15. At the time of the incident giving rise to this cause of action, Plaintiff was conducting himself in a safe and reasonable manner, slowing his vehicle as a result of traffic slowing on the roadway.

16. At the same time, Defendant Porteous was driving behind Plaintiff Parks on the roadway.

17. Suddenly, and without warning, Defendant Porteous violently collided with the rear of the Plaintiff's vehicle (the "collision) pushing the Plaintiff's vehicle several hundred yards forward and off the highway and into a guardrail.

18. Defendant Porteous had a duty to and failed to give full attention to the roadway, endangering the safety of Plaintiffs and other motorists on the roadway.

19. Defendant Porteous had a duty to and failed to look a sufficient distance ahead to observe the slowing traffic.

20. Defendant Porteous had a duty to and failed to follow Plaintiff Parks and at a safe

distance.

21. Defendant Porteous had a duty to and failed to maintain a safe speed, and especially under the circumstances of slowed traffic on an Interstate highway at night.

22. Defendant Porteous had a duty to and failed to yield the right of way to motorists already operating in the correct lane of travel, like Plaintiff.

23. Plaintiff had a duty to and failed to bring his vehicle under control and stop in time.

24. These actions demonstrate that Defendant Porteous had a duty to and failed to exercise the due care a licensed commercial motor vehicle driver would use under the circumstances. Defendant Porteous' mere operation of the truck at the time created a foreseeable increased risk of harm to the motoring public, including Plaintiff. Defendant Porteous' conduct created an unjustifiable risk to other motorists which he consciously disregarded, and which deviated from the appropriate standard of care of licensed commercial drivers.

25. Defendant Porteous' actions were negligent, careless, and reckless in knowing he was not qualified or properly trained to operate a commercial tractor-trailer but doing so, regardless.

26. At the time of the motor vehicle collision, Defendants United and Defendant Mystic were acting by and through their employee and agent, Defendant Porteous. Defendants United and Mystic are responsible for the acts of its employee and/or agent pursuant to *respondeat superior*, agency and/or other similar law. Defendants United and Mystic are vicariously liable for the acts and omissions of Defendant Porteous and the Plaintiff's injuries and damages.

27. Properly qualified and trained drivers do not crash into the rear of another vehicle on the interstate while driving at night.

28. Drivers that are not distracted do not crash into the rear of another vehicle on the

interstate under the conditions in which this collision occurred.

29. Before permitting Defendant Porteous to operate the tractor-trailer and entrusting him with a commercial motor vehicle, Defendants United and Mystic had a duty to properly screen, investigate, and evaluate Defendant Porteous' background, driving record, qualifications, and fitness to safety operate a commercial motor vehicle.

30. Upon information and belief, Defendants United and Mystic improperly screened Defendant Porteous before being permitted to operate the tractor-trailer and was not properly qualified, trained, or supervised by Defendants United and Mystic.

31. Upon information and belief, Defendant Porteous, has violated the traffic laws of three separate states on at least three separate occasions, including travelling in excess of the posted speed limit and parking his vehicle in a restricted zone. Defendant Porteous' violations occurred before the date of this wreck, and he was unfit to operate a commercial vehicle having demonstrated a disregard for the rules of the road. Had Defendants United and Mystic had adequate hiring policies and procedures in place, they would have known, or should have known Defendant Porteous was an unfit commercial vehicle driver.

32. Alternatively, Defendants United and Mystic properly screened Defendant Porteous before being permitted to operate the tractor-trailer but consciously disregarded his unfitness to operate the same.

33. Similarly, Defendants United and Mystic failed to train Defendant Porteous to properly drive the tractor-trailer and failed to train Defendant Porteous on the safety standards of the FMCSR, Commercial Driver's Manual, Tennessee Safety Rules & Regulations, and common law rules of the road.

34. Worsening their actions, with knowledge that Defendant Porteous was unfit and without proper and sufficient training, Defendants United and Mystic failed to supervise Defendant Porteous and ensure compliance with Federal Motor Carrier Safety Regulations (FMCSR), Commercial Driver's Manual, Tennessee Safety Rules & Regulations, and rules of the road.

35. Defendants Porteous and Defendants United and Mystic failed to comply with said safety standards including, but not limited to:

| | | |
|---|---|---|
| a. | T.C.A. § 55-8-136 | Driver to exercise due care; |
| b. | T.C.A. § 55-8-124 | Following too closely; |
| c. | T.C.A. § 55-8-197 | Failure to yield right-of-way resulting in serious bodily injury or death; and |
| d. | T.C.A. § 55-8-103 | Required obedience to traffic laws. |
| a. | 49 C.F.R. § 383 | Commercial drivers' license standards |
| b. | 49 C.F.R. § 390 | General |
| b. | 49 C.F.R. § 391 | Qualifications of drivers |
| b. | 49 C.F.R. § 392.2 | Applicable operating rules; |
| c. | 49 C.F.R. § 392.3 | Ill or fatigued operator; |
| d. | 49 C.F.R. § 392.6 | Schedules to conform with speed limits; |
| e. | 49 C.F.R. § 392.14 | Hazardous conditions; extreme caution; |
| f. | 49 C.F.R. § 395.3 | Maximum driving time; |
| g. | 49 C.F.R. § 393.40 | Required brake systems; |
| h. | 49 C.F.R. § 395 | Hours of service; and |
| i. | 49 C.F.R. § 396 | Inspections, repairs, and maintenance. |

36. Defendants understood the risk of failing to have policies and procedures in place to ensure proper hiring, training, and supervision of commercial drivers, yet still entrusted the

vehicle to Defendant Porteous. Consequently, Defendant Porteous failed to maintain and operate his vehicle in a safe manner. Defendant United and Mystic hired an unfit commercial vehicle driver and failed to train and supervise the same. Defendants created an unjustifiable risk to other motorists which they consciously disregarded. Defendants United and Mystic's improper and unsafe hiring, training, and supervising grossly deviates from the appropriate standard of care of commercial carriers. Defendants' actions were negligent, careless, and reckless.

37. No act or failure to act of Plaintiff Parks was a cause of the collision.

38. Plaintiff Parks is not at fault and bears zero percent (0%) fault for the collision.

39. As a result of Defendants' actions and/or inactions, Plaintiff has incurred injuries and damages as set forth more fully below.

**COUNT I – NEGLIGENCE OF DEFENDANT PORTEOUS**

40. All factual allegations contained in the previous paragraphs are re-alleged as if expressly set forth herein.

41. Defendant Porteous owed and breached the following duties, and his actions consisted of the following negligent acts and/or omissions, in that Defendant Porteous:

a. operated the vehicle without due care, in a careless and reckless manner, and at a speed in a manner so as to endanger or to be likely to endanger the persons or property of others, including the Plaintiff;

b. failed to keep the vehicle under proper control;

c. failed to operate the vehicle at an appropriate speed and manner for existing conditions;

d. failed to bring the vehicle under control and to a stop when there was a sufficient time and distance to do so before striking Plaintiff;

e. failed to drive in a prudent manner with regard for the control of the vehicle and traffic conditions then and there existing on the roadway; and

f. failed see that which was there to be seen and take proper action.

42. Defendant Porteous breached those aforementioned duties set forth herein.

43. As direct and proximate result of Defendant Porteous' breaches, negligent acts and/or omissions, Plaintiff suffered serious, disabling and painful bodily injuries, causing Defendant Porteous to become liable for Plaintiff's damages.

**COUNT II – NEGLIGENCE PER SE**
**(All Defendants)**

44. All factual allegations contained in the previous paragraphs are re-alleged as if expressly set forth herein.

45. Plaintiff avers that Defendant Porteous violated the following statutes of the state of Tennessee which were in full force and effect at the time and place of the collision, constituting negligence per se:

a. T.C.A. § 55-8-136 Driver to exercise due care;

b. T.C.A. § 55-8-124 Following too closely;

c. T.C.A. § 55-8-197 Failure to yield right-of-way resulting in serious bodily injury or death; and

d. T.C.A. § 55-8-103 Required obedience to traffic laws.

46. At all relevant times, all Defendants were subject to the Federal Motor Carrier Safety Regulations ("FMCSRs"), including but not limited to:

a. 49 C.F.R. § 383 Commercial drivers' license standards

b. 49 C.F.R. § 390 General

b. 49 C.F.R. § 391 Qualifications of drivers

b. 49 C.F.R. § 392.2 Applicable operating rules;

c. 49 C.F.R. § 392.3 Ill or fatigued operator;

d. 49 C.F.R. § 392.6 Schedules to conform with speed limits;

e. 49 C.F.R. § 392.14 Hazardous conditions; extreme caution;

f. 49 C.F.R. § 395.3 Maximum driving time;

g. 49 C.F.R. § 393.40 Required brake systems;

h. 49 C.F.R. § 395 Hours of service; and

i. 49 C.F.R. § 396 Inspections, repairs, and maintenance.

47. These regulations impose specific duties governing the safe operation of commercial motor vehicles for the protection of the motoring public, including Plaintiff.

48. As it relates to the negligence per se allegations presented herein, Plaintiff avers that these statutes and regulations were designed to protect against the type of harm caused by Defendants' conduct and that Plaintiff is of the class of persons that the aforementioned statutes were designed to protect. Either separately or combined, Defendants' per se violations, as presented herein, were the cause in fact and proximate cause of Plaintiff's injuries and damages.

49. As direct and proximate result of Defendant Porteous statutory and regulatory violations and/or omissions, Plaintiff suffered serious, disabling, and painful bodily injuries, causing Defendant Porteous to become liable for medical and other expenses and Plaintiff's suffered bodily impairments.

**COUNT III – NEGLIGENCE AND NELIGENCE PER SE OF DEFENDANTS UNITED AND MYSTIC/RESPONDEAT SUPERIOR**

50. All factual allegations contained in the previous paragraphs are re-alleged as if expressly set forth herein.

51. Plaintiff avers that Defendant Porteous was operating a vehicle owned and/or operated and maintained by Defendants Mystic and United.

52. Defendant Porteous was the agent, servant, and/or employee of Defendant United and Defendant Mystic and was acting within the course and scope of such agency, servitude, and/or employment at the time of the collision which is subject to this action.

53. Likewise, Defendants United and Mystic were acting by and through its employee and agent are responsible for the acts of its employee and/or agent pursuant to *respondeat superior*, agency and/or other similar law. Defendant United is vicariously liable for the negligence of Defendant Porteous and the Plaintiff's injuries and damages.

54. Defendants United and Mystic have the negligence of Defendant Porteous imputed to it as the registered owners of the motor vehicle being driven at the time of the subject collision pursuant to T.C.A.§ 55-10-311 and 55-10-312.

55. Defendants United and Mystic consciously disregarded that Defendant Porteous' was unqualified to operate the commercial vehicle in a safe and reasonable manner.

56. As direct and proximate result of Defendant United's and Mystic's statutory and regulatory violations and/or omissions, Plaintiff suffered serious, disabling, and painful bodily injuries, causing Defendants to become liable for medical and other expenses and Plaintiff's suffered bodily impairments.

## COUNT IV – NEGLIGENT HIRING, TRAINING, ENTRUSTMENT, SUPERVISION (UNITED TRANSPORT AND MYSTIC)

57. All factual allegations contained in the previous paragraphs are re-alleged as if expressly set forth herein.

58. Regardless of the employment relationship, Defendants United and Mystic are responsible for the acts of Defendant Porteous. All Defendants were acting in a joint enterprise

with an agreement in writing to move goods for profit and had coordinated and combined resources to further that end.

59. Upon information and belief, Defendant Porteous, has violated the traffic laws of three separate states on at least three separate occasions, including travelling in excess of the posted speed limit and parking his vehicle in a restricted zone. Defendant Porteous' violations occurred before the date of this wreck, and he was unfit to operate a commercial vehicle having demonstrated a disregard for the rules of the road and posed unreasonable risks to other motorists, like Plaintiff Parks.

60. Had Defendants United and Mystic had adequate hiring policies and procedures in place, they would have known, or should have known, Defendant Porteous was an unfit commercial vehicle driver.

61. Alternatively, Defendants United and Mystic properly screened Defendant Porteous before being permitted to operate the tractor-trailer but consciously disregarded his unfitness to operate the same.

62. Similarly, Defendants United and Mystic failed to train Defendant Porteous to properly drive the tractor-trailer and failed to train Defendant Porteous on the safety standards of the FMCSR, Commercial Driver's Manual, Tennessee Safety Rules & Regulations, and rules of the road.

63. Worsening their actions, with knowledge that Defendant Porteous was unfit and without proper and sufficient training, Defendants United and Mystic failed to supervise Defendant Porteous and ensure compliance with Federal Motor Carrier Safety Regulations (FMCSR), Commercial Driver's Manual, Tennessee Safety Rules & Regulations, and rules of the road.

64. At all relevant times Defendants were subject to and required to obey the minimum safety standards established by FMCSR (49 CFR §§ 301 – 399), either directly or as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1.-.08 and pursuant to Tenn. Code Ann. §§ 65-15-101, 102, and 111.

65. Defendants United and Mystic will be shown to have had a duty to comply with, but violated FMCSR rules:

| | | | |
|---|---|---|---|
| a. | 49 C.F.R. § 383 | Commercial drivers' license standards, required knowledge, required skills |
| b. | 49 C.F.R. § 390 | General, knowledge, compliance with regulations; |
| c. | 49 C.F.R. § 391 | Qualifications, investigations and inquiries: Drivers; |
| d. | 49 C.F.R. § 392.2 | Applicable operating rules; |
| e. | 49 C.F.R. § 392.3 | Ill or fatigued operator; |
| f. | 49 C.F.R. § 392.6 | Schedules to conform with speed limits; |
| g. | 49 C.F.R. § 392.14 | Hazardous conditions; extreme caution; |
| h. | 49 C.F.R. § 395.3 | Maximum driving time; |
| i. | 49 C.F.R. § 393.40 | Required brake systems; and |
| j. | 49 C.F.R. § 395 | Hours of service. |

66. Defendants United and Mystic had a duty to but were negligent and grossly negligent in:

a. failing to conduct proper required checks on the background on their employee, agent, and/or contractor Defendant Porteous before and during hiring;

b. failing to exercise ordinary care to determine their employee, agent, and/or contractor, Defendant Porteous', fitness for the job of driving a commercial vehicle interstate before and during hiring;

c. failing to train Defendant Porteous to properly drive the tractor-trailer;

d. failing to train Defendant Porteous on the safety standards of the FMCSR, Commercial Driver's Manual, Tennessee Safety Rules & Regulations, and rules of the road;

e. failing to supervise Defendant Porteous and ensure compliance with FMCSR, Commercial Driver's Manual, Tennessee Safety Rules & Regulations, and rules of the road;

f. failing to properly maintain the tractor-trailer involved in the collision;

g. failing to properly inspect the tractor-trailer involved in the collision;

h. entrusting the tractor trailer to the unfit Defendant Porteous with insufficient training and supervision; and

i. knowing and consciously disregarding their employee's criminal driving history and entrusting him to drive a commercial vehicle, putting the public in danger.

67. Defendants had a duty to put into place and enforce policies and procedures to ensure drivers and vehicles were reasonable safe and failed to do so.

68. According to the Complete Safety Measurement System ("SMS") Profile, kept by the Federal Motor Carrier Safety Administration, Defendant United had 76 Unsafe Driving Violations since August 28, 2024:[1]

[1] Fed. Motor Carrier Safety Admin., *Safety Measurement System (SMS)*, U.S. Dep't of Transp., https://ai.fmcsa.dot.gov/SMS/Carrier/1761786/BASIC/UnsafeDriving.aspx (last visited Sept. 22, 2026)

| Violation Group Description | Violation | Descriptions | # of Violations |
|---|---|---|---|
| Seat Belt | 392.16-D | Driver - Failed to use seat belt while operating a CMV | 1 |
| Other Driver Violations | 392.22(a) | Failing to use hazard warning flashers | 1 |
| Other Driver Violations | 392.22A-D | Driver - Failed to activate hazard warning signal flashers | 1 |
| Dangerous Driving | 392.2-INAT | Driver- Inattentive or Distracted Driving | 2 |
| Misc Violations | 392.2LV | Lane Restriction violation | 1 |
| Texting | 392.2-SLLCP | State/Local Laws - Operate a CMV while using a cellular phone | 2 |
| Dangerous Driving | 392.2-SLLFC | State/Local Laws - Following too closely | 1 |
| Dangerous Driving | 392.2-SLLILC | State/Local Laws - Improper lane change | 1 |
| Misc Violations | 392.2-SLLLR | State/Local Laws - Lane restriction violation | 14 |
| Speeding 2 | 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit | 22 |
| Speeding 3 | 392.2-SLLS3 | State/Local Laws - Speeding 11-14 miles per hour over the speed limit | 4 |
| Speeding 4 | 392.2-SLLS4 | State/Local Laws - Speeding 15 or more miles per hour over the speed limit | 5 |
| Speeding 4 | 392.2-SLLSWZ | State/Local Laws - Speeding work/construction zone | 5 |
| Dangerous Driving | 392.2-SLLTCD | State/Local Laws - Failed to obey a traffic control device - Permanent or Temporary - e.g., safety official, signal, sign, light, lane marking, other | 7 |
| Other Driver Violations | 392.2-SLLUP | State/Local Laws - Unlawfully parking /leaving vehicle on roadway | 2 |
| Phone Call | 392.82(a)1 | Using a hand-held mobile telephone while operating a CMV | 1 |
| Phone Call | 392.82DUMT | Driver - Using a hand-held mobile telephone | 3 |
| Phone Call | 392.82DUMT | Driver - Using a hand-held mobile telephone | 3 |

69. Similarly, the Complete Safety Measurement System ("SMS") Profile, kept by the Federal Motor Carrier Safety Administration, Defendant United had 76 Driver Inspections with unsafe driving violations in that same timeframe:[2]

| Date | State | Number | Level | Placardable HM Vehicle Inspection | Violation Group Description | Code | Description |
|---|---|---|---|---|---|---|---|
| 8/27/2026 | IN | IN7407002600 | 3 | No | Speeding 4 | 392.2-SLLSWZ | State/Local Laws - Speeding work/construction zone |
| 8/25/2026 | GA | GA1435001874 | 3 | No | Misc Violations | 392.2-SLLLR | State/Local Laws - Lane restriction violation |
| 8/24/2026 | IN | IN8632000100 | 3 | No | Speeding 4 | 392.2-SLLS4 | State/Local Laws - Speeding 15 or more miles per hour over the speed limit |
| 8/20/2026 | TN | TNI033GO0157 | 3 | No | Dangerous Driving | 392.2-INAT | Driver- Inattentive or Distracted Driving |
| 8/20/2026 | TN | TNI033GO0157 | 3 | No | Speeding 4 | 392.2-SLLS4 | State/Local Laws - Speeding 15 or more miles per hour over the speed limit |
| 8/14/2026 | GA | GA1466000538 | 3 | No | Dangerous Driving | 392.2-SLLFC | State/Local Laws - Following too closely |
| 8/5/2026 | KY | KYS198004619 | 3 | No | Misc Violations | 392.2-SLLLR | State/Local Laws - Lane restriction violation |
| 7/23/2026 | IN | IN7811000017 | 3 | No | Speeding 2 | 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit |
| 6/1/2026 | IN | IN6884000272 | 3 | No | Dangerous Driving | 392.2-SLLILC | State/Local Laws - Improper lane change |
| 6/1/2026 | IN | IN6884000272 | 3 | No | Speeding 3 | 392.2-SLLS3 | State/Local Laws - Speeding 11-14 miles per hour over the speed limit |
| 5/27/2026 | GA | GA1412001371 | 3 | No | Misc Violations | 392.2-SLLLR | State/Local Laws - Lane restriction violation |
| 5/20/2026 | MI | MIPATTM05471 | 3 | No | Speeding 2 | 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit |
| 5/19/2026 | IA | IA000P144VFG | 3 | No | Speeding 2 | 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit |
| 5/11/2026 | IN | IN9633000014 | 3 | No | Speeding 2 | 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit |
| 4/29/2026 | MO | MO3854001207 | 2 | No | Dangerous Driving | 392.2-INAT | Driver- Inattentive or Distracted Driving |
| 4/29/2026 | MO | MO3854001207 | 2 | No | Misc Violations | 392.2-SLLLR | State/Local Laws - Lane restriction violation |

[2] *Id.*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 4/17/2026 | GA | GA1381000666 | 3 | No | Dangerous Driving | 392.2-SLLTCD | State/Local Laws - Failed to obey a traffic control device - Permanent or Temporary - e.g., safety official, signal, sign, light, lane marking, other |
| 4/17/2026 | IN | IN8758004150 | 3 | No | Misc Violations | 392.2-SLLLR | State/Local Laws - Lane restriction violation |
| 2/17/2026 | GA | GA1337000254 | 3 | No | Speeding 4 | 392.2-SLLSWZ | State/Local Laws - Speeding work/construction zone |
| 2/10/2026 | WV | WVPSC1271266 | 3 | No | Speeding 3 | 392.2-SLLS3 | State/Local Laws - Speeding 11-14 miles per hour over the speed limit |
| 2/6/2026 | KY | KY0S02803090 | 3 | No | Speeding 4 | 392.2-SLLS4 | State/Local Laws - Speeding 15 or more miles per hour over the speed limit |
| 1/16/2026 | IN | IN6665007010 | 3 | No | Dangerous Driving | 392.2-SLLTCD | State/Local Laws - Failed to obey a traffic control device - Permanent or Temporary - e.g., safety official, signal, sign, light, lane marking, other |
| 1/14/2026 | WI | WI2620000907 | 2 | No | Dangerous Driving | 392.2-SLLTCD | State/Local Laws - Failed to obey a traffic control device - Permanent or Temporary - e.g., safety official, signal, sign, light, lane marking, other |
| 1/12/2026 | MI | MIDEJOS02269 | 3 | No | Speeding 2 | 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit |
| 1/10/2026 | IN | IN9438000041 | 3 | No | Speeding 2 | 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit |
| 12/19/2025 | GA | GA1289001273 | 3 | No | Dangerous Driving | 392.2-SLLTCD | State/Local Laws - Failed to obey a traffic control device - Permanent or Temporary - e.g., safety official, signal, sign, light, lane marking, other |
| 12/18/2025 | IL | IL4127621454 | 3 | No | Speeding 2 | 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit |
| 12/5/2025 | IL | IL4289280081 | 3 | No | Misc Violations | 392.2LV | Lane Restriction violation |
| 12/5/2025 | IL | IL4289280081 | 3 | No | Speeding 2 | 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit |
| 11/24/2025 | IN | IN6361005646 | 3 | No | Speeding 3 | 392.2-SLLS3 | State/Local Laws - Speeding 11-14 miles per hour over the speed limit |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 11/14/2025 | GA | GA1425001392 | 3 | No | Phone Call | 392.82DUMT | Driver - Using a hand-held mobile telephone |
| 11/10/2025 | GA | GA1252001169 | 3 | No | Misc Violations | 392.2-SLLLR | State/Local Laws - Lane restriction violation |
| 11/2/2025 | SC | SC0315005129 | 3 | No | Speeding 2 | 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit |
| 10/30/2025 | IN | IN6144000997 | 3 | No | Speeding 2 | 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit |
| 10/28/2025 | IN | IN5407009016 | 3 | No | Speeding 4 | 392.2-SLLSWZ | State/Local Laws - Speeding work/construction zone |
| 10/23/2025 | GA | GA1402001194 | 3 | No | Misc Violations | 392.2-SLLLR | State/Local Laws - Lane restriction violation |
| 10/16/2025 | TN | TNI032480344 | 2 | No | Speeding 4 | 392.2-SLLS4 | State/Local Laws - Speeding 15 or more miles per hour over the speed limit |
| 10/5/2025 | TN | TNI5Z2790321 | 2 | No | Speeding 3 | 392.2-SLLS3 | State/Local Laws - Speeding 11-14 miles per hour over the speed limit |
| 9/27/2025 | KY | KY0S14204291 | 3 | No | Seat Belt | 392.16-D | Driver - Failed to use seat belt while operating a CMV |
| 9/11/2025 | KY | KY0S14204249 | 3 | No | Misc Violations | 392.2-SLLLR | State/Local Laws - Lane restriction violation |
| 8/25/2025 | IN | IN6189005315 | 3 | No | Speeding 2 | 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit |
| 8/20/2025 | FL | FL3198009248 | 3 | No | Misc Violations | 392.2-SLLLR | State/Local Laws - Lane restriction violation |
| 7/17/2025 | GA | GA1405001173 | 3 | No | Misc Violations | 392.2-SLLLR | State/Local Laws - Lane restriction violation |
| 7/16/2025 | AR | AR7880000997 | 3 | No | Speeding 2 | 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit |
| 7/7/2025 | IN | IN7809004616 | 3 | No | Speeding 2 | 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit |
| 7/7/2025 | IN | IN5796008933 | 3 | No | Speeding 2 | 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit |
| 6/26/2025 | MI | MIDEJOS01720 | 3 | No | Phone Call | 392.82DUMT | Driver - Using a hand-held mobile telephone |
| 6/11/2025 | TN | TNI036D30681 | 2 | No | Other Driver Violations | 392.2-SLLUP | State/Local Laws - Unlawfully parking /leaving vehicle on roadway |
| 6/1/2025 | TN | TNI031F90078 | 3 | No | Speeding 4 | 392.2-SLLS4 | State/Local Laws - Speeding 15 or more miles per hour over the speed limit |
| 5/29/2025 | MS | MSMC00511735 | 2 | No | Phone Call | 392.82(a)1 | Using a hand-held mobile telephone |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | while operating a CMV |
| 5/16/2025 | IN | IN8194005543 | 3 | No | Misc Violations | 392.2-SLLLR | State/Local Laws - Lane restriction violation |
| 4/17/2025 | IN | IN8322005752 | 3 | No | Speeding 4 | 392.2-SLLSWZ | State/Local Laws - Speeding work/construction zone |
| 4/17/2025 | IN | IN8322005752 | 3 | No | Other Driver Violations | 392.2-SLLUP | State/Local Laws - Unlawfully parking /leaving vehicle on roadway |
| 4/2/2025 | OH | OH1532000383 | 3 | No | Speeding 2 | 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit |
| 3/24/2025 | GA | GA1342000676 | 3 | No | Dangerous Driving | 392.2-SLLTCD | State/Local Laws - Failed to obey a traffic control device - Permanent or Temporary - e.g., safety official, signal, sign, light, lane marking, other |
| 3/24/2025 | GA | GA1342000676 | 3 | No | Texting | 392.2-SLLCP | State/Local Laws - Operate a CMV while using a cellular phone |
| 3/21/2025 | LA | LALARHS00188 | 3 | No | Dangerous Driving | 392.2-SLLTCD | State/Local Laws - Failed to obey a traffic control device - Permanent or Temporary - e.g., safety official, signal, sign, light, lane marking, other |
| 3/16/2025 | AR | AR5240000686 | 3 | No | Speeding 2 | 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit |
| 3/3/2025 | IL | IL4005020648 | 3 | No | Speeding 2 | 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit |
| 2/25/2025 | MI | MIWALKB03338 | 3 | No | Phone Call | 392.82DUMT | Driver - Using a hand-held mobile telephone |
| 2/7/2025 | GA | GA0124000272 | 3 | No | Texting | 392.2-SLLCP | State/Local Laws - Operate a CMV while using a cellular phone |
| 2/1/2025 | GA | GA1443000784 | 2 | No | Phone Call | 392.82DUMT | Driver - Using a hand-held mobile telephone |
| 1/25/2025 | IN | IN7968001000 | 3 | No | Speeding 2 | 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit |
| 1/14/2025 | LA | LALABQS05669 | 3 | No | Other Driver Violations | 392.22A-D | Driver - Failed to activate hazard warning signal flashers |
| 1/13/2025 | GA | GA1430000325 | 3 | No | Misc Violations | 392.2-SLLLR | State/Local Laws - Lane restriction violation |
| 1/7/2025 | GA | GA1441000704 | 3 | No | Phone Call | 392.82DUMT | Driver - Using a hand-held mobile telephone |
| 1/3/2025 | IN | IN5796008726 | 3 | No | Speeding 2 | 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 12/5/2024 | GA | GA1445000612 | 3 | No | Misc Violations | 392.2-SLLLR | State/Local Laws - Lane restriction violation |
| 12/4/2024 | LA | LALALD010542 | 3 | No | Other Driver Violations | 392.22(a) | Failing to use hazard warning flashers |
| 11/22/2024 | IN | IN5796008689 | 3 | No | Misc Violations | 392.2-SLLLR | State/Local Laws - Lane restriction violation |
| 11/21/2024 | GA | GA1415000709 | 3 | No | Phone Call | 392.82DUMT | Driver - Using a hand-held mobile telephone |
| 9/24/2024 | GA | GA1395000744 | 3 | No | Dangerous Driving | 392.2-SLLTCD | State/Local Laws - Failed to obey a traffic control device - Permanent or Temporary - e.g., safety official, signal, sign, light, lane marking, other |
| 9/17/2024 | IN | IN5990007145 | 3 | No | Speeding 4 | 392.2-SLLSWZ | State/Local Laws - Speeding work/construction zone |
| 9/13/2024 | IN | IN9473001092 | 3 | No | Speeding 2 | 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit |
| 9/9/2024 | IN | IN7979001020 | 3 | No | Speeding 2 | 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit |
| 9/4/2024 | MI | MIBEAMW04009 | 3 | No | Speeding 2 | 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit |

70. The same time period for Defendant United's SMS Profile shows 6 different crashes,[3] 5 of which were preventable,[4] including this collision,[5] six (6) different driver fitness violations,[6] 25 Hours of Service (HOS) violations,[7] and 92 Maintenance violations.[8]

71. Defendant United has a pattern of unsafe hiring, supervision, and entrustment practices and knew, or should have known, by exercising reasonable care about the risks set forth in the First Amended Complaint that these risks would be reduced or eliminated. These risks included, but are not limited to:

---

[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*

a. the risks associated with failing to conduct proper required checks on the background on their employees, agents, and/or contractors, including Defendant Porteous, before and during hiring;

b. the risks associated with failing to exercise ordinary care to determine their employee's, agent's, and/or contractor's, including Defendant Porteous', fitness for the job of driving a commercial vehicle interstate before and during hiring;

c. the risks associated with failing to train their employees, agents, and/or contractors, including Defendant Porteous, to properly drive the tractor-trailer;

d. the risks associated with failing to train their employees, agents, and/or contractors, including Defendant Porteous, on the safety standards of the FMCSR, Commercial Driver's Manual, Tennessee Safety Rules & Regulations, and rules of the road;

e. the risks associated with failing to supervise their employees, agents, and/or contractors, including Defendant Porteous, and ensure compliance with FMCSR, Commercial Driver's Manual, Tennessee Safety Rules & Regulations, and rules of the road;

f. the risks associated with failing to properly maintain the tractor-trailer involved in the collision;

g. the risks associated with failing to properly inspect the tractor-trailer involved in the collision;

h. the risks associated with entrusting the tractor trailer to unfit employees, agents, and/or contractors, including Defendant Porteous, with insufficient training and supervision;

i. the risk of failing to have policies and procedures in place to ensure proper hiring, training, and supervision of commercial drivers;

j. the risks of consciously disregarding their duty to the public to train, hire, and supervise adequately trained and qualified drivers; and

k. the risk of committing a gross deviation from the standard of care in placing inadequately trained and unqualified drivers in the public.

72. As a result of Defendants' actions, Plaintiff suffered serious injuries affecting his abilities of normal daily living.

73. Defendants United and Mystic created unjustifiable risk to other motorists which they consciously disregarded. Defendants' inadequate and improper hiring, training, and supervision practices deviate from the appropriate standard of care of licensed commercial carriers.

74. Defendant United's and Defendant Mystic's actions were negligent, careless, and reckless.

75. The injuries Plaintiff suffered are the type that are reasonably foreseeable consequences of such actions.

76. As a direct and proximate result of Defendant United and Mystic's negligent hiring, training, entrustment, and supervision of Defendant Porteous. Defendants directly and proximately caused the collision that resulted in injuries to Plaintiff and the damages and losses here sought by the Plaintiff.

## CAUSATION

77. All factual allegations contained in the previous paragraphs are re-alleged herein.

78. Plaintiff avers that Defendants owed a duty of safe, careful, and lawful driving to Plaintiff but breached that duty on the date of the collision. The negligence and recklessness of the Defendants, as set forth above, directly, proximately, and caused in fact the collision and resulted in injuries to Plaintiff and the damages and losses here sought by the Plaintiff.

79. As a direct and proximate result and cause in fact of the negligent, grossly negligent, careless, and reckless actions of Defendants, Plaintiff suffered serious, disabling, painful, and permanent bodily injuries, causing Plaintiff to become liable for medical and other expenses and to suffer bodily impairment.

80. Not for purposes of revelation to the jury but for purposes of establishing a cause of action pursuant to T.C.A. §56-7-1201 et seq., Plaintiff would show that the vehicle in which

Plaintiff was traveling and owned was insured under a policy of automobile insurance issued by Haulers Insurance Company which, upon information and belief, provided uninsured/ underinsured motorist coverage. In the event the Defendant is uninsured or underinsured, Plaintiff is entitled to recover the terms of the personal uninsured/underinsured motorist policy. Pursuant to T.C.A. § 56-7-1201 et seq., Haulers Insurance Company is being served with a copy and summons of the Complaint.

## PUNITIVE DAMAGES

81. All factual allegations contained in the previous paragraphs are re-alleged herein.

82. The conduct of the Defendants was, both at common law and/or statutorily, reckless, willful, knowing, grossly negligent, wanton, and in such conscious disregard for the safety of others that an award for punitive damages is necessary to deter such conduct in the future. As a result of the foregoing, in addition to compensatory damages, Plaintiff is entitled to recover punitive damages from the Defendants in order to deter Defendants and similarly situated third parties from committing the same or similar misconduct that endangers the general safety of the public.

83. Defendants, individually and/or collectively:

a. knowingly disregarded applicable safety regulations designed to prevent crashes;

b. allowed and/or engaged in unsafe driving practices and regulatory violations;

c. failed to comply with mandatory safety rules governing fatigue, vehicle maintenance, and braking systems;

d. failed to implement policies and procedures, such as hiring, training, and retention practices so as to protect others from harm; and

e. prioritized operation demands over Public Safety.

84. Such conduct rises to the level of recklessness under Tennessee law, justifying an award of punitive damages to punish Defendants and deter similar misconduct.

85. Such conduct is a gross deviation from the standards of care for commercial motor vehicle drivers and carriers.

86. As a proximate and legal result of the aforesaid negligence, gross negligence, and recklessness of the Defendants, Plaintiff suffered injuries and damages.

87. Plaintiff therefore seeks punitive damages in an amount to be determined by the trier of fact.

## INJURIES AND DAMAGES

88. As a proximate and legal result of the Defendants' acts and omissions, Plaintiff Parks suffered severe personal injuries including but limited to bilateral forearm pain, left thigh pain, neck pain, headaches, and cervical joint syndrome and a herniated cervical disc.

89. As a direct and proximate result of Defendants' negligence, Plaintiff is entitled to damages including, but not limited to, the following specific items of damages:

a. Physical pain, both past and future;

b. Emotional suffering and grief, both past and future;

c. Health care expenses, both past and future;

d. Loss of enjoyment of life;

e. Permanent impairment and partial disability;

f. Property damage;

g. Loss of earning capacity;

h. Lost wages;

i. Costs of this cause; and

j. All other general damages and other relief allowed under the laws of the State of Tennessee to which he may be entitled.

**RELIEF SOUGHT**

Wherefore, premises considered, Plaintiff prays:

1. That Plaintiff be permitted to file the foregoing Complaint under the above caption;

2. That all proper process issue and be served upon Defendants requiring each to make appearance and answer this Complaint within the time prescribed by law;

3. For a judgment against Defendants for compensatory damages, and each of them, in the amount of five million dollars and no cents ($5,000,000.00), for the personal injuries, disabilities, and other damages suffered by Plaintiff as set forth herein as a proximate result of the Defendants' negligence;

5. For a jury to be empaneled to try this cause;

6. For costs of this matter to be taxed to Defendants; and

7. For such other, further, and general relief to which he may be entitled under the law.

Respectfully Submitted,

*<u>/s/ Mac Allen</u>*
Mac Allen (#34696)
FRAZER PLC
30 Burton Hills Blvd, Ste 450
Nashville, TN 37215
Telephone: (615)-647-6464
Mac@frazer.law

***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September, 2026, a copy of the foregoing has been served via the Court's ECF system:

Mary Beth White
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
615-259-1366
mbwhite@lewisthomason.com
*Attorney for Defendants*

*/s/ Mac Allen*